UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| MOROCCANOIL, INC., a California corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>RIGOBERTO ACOSTA, an individual; MADE IN DADE TRADING LLC, a Florida limited liability company; TERIGO SOURCING, a d/b/a of Rigoberto Acosta; ASIMEX GLOBAL OPERATIONS, LLC, a Florida limited liability company; ASIMEX INTERNATIONAL LLC, a Florida limited liability company; and DOES 1 through 30, inclusive,<br><br>        Defendants. | CASE No. |

## COMPLAINT

## JURISDICTION AND VENUE

1.      This action arises under and this Court has original jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1367(a) (supplemental jurisdiction), 15 U.S.C. § 1121 (registered trademarks), 28 U.S.C. § 1338(a) (trademarks), 28 U.S.C. § 1338(b) (unfair competition), and 28 U.S.C. § 1340 (customs). This Court also has diversity jurisdiction under 28 U.S.C. § 1332 because,

on information and belief, the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

2.     Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (2) because a substantial part of the events giving rise to the claims occurred in this judicial district, and because Defendants are subject to the Court's personal jurisdiction with respect to this action and Defendants engaged in activity that is the subject of this action within this District.  28 U.S.C. § 1391(c)(1)-(2).

## THE PARTIES

3.     Plaintiff Moroccanoil, Inc. is a California corporation with its principal place of business at 16311 Ventura Blvd., Ste. 1200, Los Angeles, CA 91436.

4.     Moroccanoil, Inc. alleges as follows with respect to each Defendant:

a.     Moroccanoil, Inc. is informed and believes that Defendant Rigoberto Acosta ("Acosta") is an individual residing in Florida.  Moroccanoil, Inc. is informed and believes that Acosta has imported, advertised, distributed, procured, stored, shipped, and/or sold counterfeit and otherwise infringing "Moroccanoil Products" (as defined below) in the United States, including in this District.

b.     Moroccanoil, Inc. is informed and believes that Defendant Made in Dade Trading LLC ("Made in Dade") is a dissolved Florida limited liability company with a former principal place of business at 10773 Northwest 58th Street #278, Doral, Florida 33178.  Moroccanoil, Inc. is informed and believes that Acosta was the

manager or owner of Made in Dade, or otherwise in control of Made in Dade, at all times relevant to this action. Moroccanoil, Inc. is informed and believes that Made in Dade imported, advertised, distributed, procured, stored, shipped, and/or sold counterfeit and otherwise infringing Moroccanoil Products in the United States, including in this District.

c.    Moroccanoil, Inc. is informed and believes that Defendant Terigo Sourcing is an entity or d/b/a of Acosta. Moroccanoil, Inc. is informed and believes that Acosta was the manager or owner of Terigo Sourcing, or otherwise in control of Terigo Sourcing, at all times relevant to this action. Moroccanoil, Inc. is informed and believes that Terigo Sourcing has imported, advertised, distributed, procured, stored, shipped, and/or sold counterfeit and otherwise infringing Moroccanoil Products in the United States, including in this District.

d.    Moroccanoil, Inc. is informed and believes that Defendant Asimex Global Operations, LLC ("Asimex Global") is a Florida limited liability company with a principal place of business at 9100 South Dadeland Boulevard, Suite 912, Miami, Florida 33156. Moroccanoil, Inc. is informed and believes that Asimex Global has imported, advertised, distributed, procured, stored, shipped, and/or sold counterfeit and otherwise infringing Moroccanoil Products in the United States, including in this District.

e.      Moroccanoil, Inc. is informed and believes that Defendant Asimex International LLC ("Asimex International") is a Florida limited liability company with a principal place of business at 9100 South Dadeland Boulevard, Suite 912, Miami, Florida 33156. Moroccanoil, Inc. is informed and believes that Asimex International has imported, advertised, distributed, procured, stored, shipped, and/or sold counterfeit and otherwise infringing Moroccanoil Products in the United States, including in this District.

f.      For convenient reference, Asimex Global and Asimex International are jointly and severally referred to in this Complaint as "Asimex."

5.      Moroccanoil, Inc. believes there are other individuals whose identities are unknown to Moroccanoil, Inc., but who have participated in the importation, offering, advertising, supply, procurement, distribution and/or sale of counterfeit and otherwise infringing Moroccanoil Products, and Moroccanoil, Inc. sues them by fictitious names DOES 1 through 10.

6.      Moroccanoil, Inc. believes there are other business entities whose identities are unknown to Moroccanoil, Inc., but who have participated in the importation, offering, advertising, supply, procurement, distribution and/or sale of counterfeit and otherwise infringing Moroccanoil Products, and Moroccanoil, Inc. sues them by fictitious names DOES 11 through 20.

7.     Moroccanoil, Inc. believes there is one or more manufacturing persons or entities whose identities are unknown to Moroccanoil, Inc., but who have manufactured counterfeit Moroccanoil Products, and Moroccanoil, Inc. sues them by fictitious names DOES 21 through 30.

8.     Other than as alleged in this Complaint, Moroccanoil, Inc. is ignorant of the true identities and participation of DOES 1 through 30, and therefore sues them by such fictitious names. Moroccanoil, Inc. is informed and believes that each of the defendants designated as a Doe is liable in some manner for the acts, omissions, damages, and injuries of which Moroccanoil, Inc. alleges in this Complaint. Moroccanoil, Inc. will seek to amend this Complaint to state the true identities of DOES 1 through 30 when ascertained.

9.     For convenient reference, Acosta, Made in Dade, Terigo, Asimex and the Doe Defendants are referred to jointly and severally as "Defendants."

10.     On information and belief, each of the Defendants was at all relevant times acting to the fullest extent recognized by law as the agent, employee or co-conspirator of each of the other Defendants and that in committing the acts and omissions alleged herein and causing the injuries alleged, was acting within the scope of such agency, employment, conspiracy, joint venture or partnership relationship. The Defendants have committed acts in furtherance of the conspiracy, have given aid

and encouragement to their co-conspirators and have ratified and adopted the acts of their co-conspirators.

11.    On information and belief there exists, and at all times mentioned there existed, a unity of interests and ownership between individual Defendants and business entity Defendants such that any individuality and separateness between the individual and businesses never existed or has ceased to exist, and each Defendant is in each instance the alter ego of the other Defendants who control all such entities. To adhere to the fiction of the Defendant entities as having existence as separate and distinct from the individual Defendants or from those with them and who owned and controlled them would permit an abuse of the corporate and other entity privileges, would sanction fraud, and would promote injustice.

## MOROCCANOIL PRODUCTS AND MOROCCANOIL TRADEMARKS

12.    "Moroccanoil Products" as used in this Complaint refers to a line of hair care and body care products that each display one or more of the following "Moroccanoil Trademarks", which are registered in Class 3 with the United States Patent and Trademark Office ("USPTO"), and which are all exclusively owned by Plaintiff Moroccanoil, Inc.:

a.    The word mark "MOROCCANOIL" - USPTO Registration No. 3,478,807.

b.      The "Horizontal M Moroccanoil Design" - with the word Moroccanoil in white horizontal lettering through the letter M in copper orange on a turquoise blue background, USPTO Registration No. 3,684,909:



c.      The "Vertical M Moroccanoil Design" - with the word Moroccanoil in white vertical lettering next to the letter M in copper orange on a turquoise blue background, USPTO Registration No. 3,684,910:



13.     Each of the Moroccanoil Trademarks is incontestable pursuant to 15 U.S.C. § 1065.

14.     Since January 2007, one or more of the Moroccanoil Trademarks have been consistently used in commerce in the United States.  From their inception about a decade ago, the Moroccanoil Products have been a tremendous success and garnered recognition from consumers in the United States and throughout the world.

Moroccanoil Products have been advertised extensively, and have generated substantial media coverage and have been repeatedly featured in widely circulated magazines, such as *Elle*, *Harper's Bazaar*, *People*, and *Marie Claire*, and numerous online beauty publications. Since 2007, millions of dollars have been invested in advertising and marketing Moroccanoil Products, and there have been many millions of dollars and units of sales.

15.     Moroccanoil, Inc. only distributes and authorizes distribution in the United States genuine Moroccanoil Products that are packaged and labeled for sale in the United States ("U.S. Moroccanoil Products").   Genuine U.S. Moroccanoil Products include features that are designed to comply with United States regulatory requirements and designed to provide useful information and appeal to United States consumers, as well as to protect and promote the Moroccanoil Trademarks and Moroccanoil, Inc.'s interest in the Moroccanoil brand.

16.     Moroccanoil Treatment is the flagship product in the line of Moroccanoil Products.   The inner packaging of Moroccanoil Treatment is an amber colored, druggist-style glass bottle with screw-on cap.   Moroccanoil Treatment bottles have rectangular-shaped, light blue and white labels that display Moroccanoil Trademarks. The outer packaging of Moroccanoil Treatment is a turquoise blue box that displays Moroccanoil Trademarks. The liquid product inside genuine Moroccanoil Treatment bottles is an amber-colored viscous mix of argan oil and other ingredients.  For both

inner packaging (the bottle) and outer packaging (the cardboard box containing the bottle), Moroccanoil Treatment is packaged with specially selected language combinations, symbols, layouts, product instructions, warnings and information, and identification and contact information for the responsible party or distributor for the particular country for which the Moroccanoil Treatment is to be distributed.  Other Moroccanoil Products are also packaged for particular countries with specially selected language combinations, symbols, layouts, product instructions, warnings and information, and identification and contact information for the responsible party or distributor for the particular country or region for which the Moroccanoil Products are to be distributed.

17.    Genuine U.S. Moroccanoil Products, including genuine Moroccanoil Treatment products authorized for distribution in the United States by Moroccanoil Inc. ("U.S. Moroccanoil Treatment"), have labels in English, Spanish and/or French, with English as the primary (top-most) language.  The labels of U.S. Moroccanoil Products include symbols and information designed to comply with U.S. law and to provide useful information and appeal to United States consumers, as well as to protect and promote the Moroccanoil Trademarks and Moroccanoil, Inc.'s interest in the Moroccanoil brand.  The labels of U.S. Moroccanoil Products, including U.S. Moroccanoil Treatment products, include in English the net weight of the liquid contents in fluid ounces, ingredient lists, consumer usage information, instructions and

warnings, and correct distributor identification and contact information including a customer service phone number that is toll free in the United States.

18.    Genuine Moroccanoil Treatment products (and certain other genuine Moroccanoil Products) include authentic manufacturer's batch codes and authentic manufacturer's identification marks called "Matrix Codes." Matrix Codes are small black & white square images that are unique manufacturer's product identification numbers like individualized product serial numbers. Similar to common QR codes, Matrix Codes can be read with commonly available free smartphone apps; even a good quality photograph of a Matrix Code can be scanned with a free smartphone app. Using just a smartphone, a Matrix Code on genuine Moroccanoil Treatment products can be read without removing the bottle from its outer packaging because there is a special cutout in the box through which the Matrix Code can be seen and scanned. When read with a smartphone app or other scanner, genuine Matrix Codes always generate unique alpha-numeric codes. There are no duplicates among Matrix Codes on genuine Moroccanoil Products. If any duplicate Matrix Codes exist among purported Moroccanoil Products, those products are counterfeits and not genuine Moroccanoil Products.

19.    Examples of outer packaging and inner packaging of genuine U.S. Moroccanoil Treatment products are shown below:

## Genuine U.S. Moroccanoil Treatment







## THE COUNTERFEIT AND INFRINGING PRODUCTS

20.     Moroccanoil, Inc. does not sell nor has it ever sold its products to Defendants and Defendants are not and have never been authorized distributors or suppliers of Moroccanoil Products.   Defendants are not and have never been authorized to print or apply any Moroccanoil Trademarks, nor to modify in any way packaging or contents of Moroccanoil Products.

21.     In or about August 2015, Moroccanoil, Inc. learned that the popular e-commerce site Groupon.com was offering and selling in the United States what purported to be genuine Moroccanoil Treatment, even though Groupon has never been an authorized distributor of Moroccanoil Products. Moroccanoil, Inc. investigated and determined that Moroccanoil Treatment products sold by Groupon were materially different from U.S. Moroccanoil Treatment, and that the Moroccanoil Treatment products sold by Groupon were counterfeit and not genuine U.S. Moroccanoil Treatment. Moroccanoil, Inc. filed a lawsuit against Groupon. During 2016, further investigation and discovery in that action led to the identification of Defendants as importers, distributors, advertisers, and/or sellers of materially different and counterfeit Moroccanoil Products, including Moroccanoil Treatment.

22.     Moroccanoil, Inc. is informed and believes that, among other things, Defendants created or knowingly supplied and used an inauthentic "Certificate of Origin" in an attempt to demonstrate the purported genuineness of the Moroccanoil

Products they imported, distributed, advertised, offered and sold. Moroccanoil, Inc. is informed and believes that Defendants were aware that the Moroccanoil Products they imported, distributed, advertised, offered and sold were materially different from U.S. Moroccanoil Products, and that they were counterfeit and not genuine.

23.    The Moroccanoil Products imported, offered, advertised, and/or sold by Defendants in the United States are materially different from U.S. Moroccanoil Products, and include counterfeits of Moroccanoil Products that bear Moroccanoil Trademarks without the consent or authority of Moroccanoil, Inc. ("Defendants' Moroccanoil Products"). As illustrated below, the Defendants' Moroccanoil Products include at least three different materially different and counterfeit versions: "Hebrew" Moroccanoil Treatment, "Spanish" Moroccanoil Treatment, and "Dutch" Moroccanoil Treatment.

24.    Compared to U.S. Moroccanoil Products, the material differences in the Defendants' Moroccanoil Products include:

a.    Defendants' Moroccanoil Products do not state the net volume of the products in fluid ounces on all product packaging.

b.    Defendants' Moroccanoil Products do not identify Moroccanoil, Inc. as the distributor and provide its Los Angeles, California address in English.

c.    Defendants' Moroccanoil Products do not feature English as the primary language on all product packaging, and/or they include languages that are not English,

Spanish, or French for product warnings, product descriptions, usage instructions, and/or ingredient listings.

      d.     Defendants' Moroccanoil Products do not include a customer service phone number that is toll-free in the United States and, in some cases, do not include any information readily recognizable as a telephone number to U.S. consumers.

      e.     Some of Defendants' Moroccanoil Products do not include shelf-life information such as a Period After Opening symbol in English on all packaging.

      f.     Some of Defendants' Moroccanoil Products include ingredient lists that differ from those of comparable U.S. Moroccanoil Products.

      25.     Defendants' Moroccanoil Products include counterfeit Moroccanoil Treatment products that are not genuine Moroccanoil Products, but rather include imitations of Moroccanoil Trademarks without the consent or authority of Moroccanoil, Inc. Defendants' Moroccanoil Treatment products include non-genuine Matrix Codes that, when scanned with a smartphone app, show duplicate alpha-numeric codes rather than the unique alpha-numeric codes of genuine Matrix Codes.

      26.     Non-exclusive examples of Defendants' Moroccanoil Treatment products are as follows:

      ///

      ///

## (a) Defendants' Materially Different and Counterfeit "Hebrew" Moroccanoil Treatment




**(b) Defendants' Materially Different and Counterfeit
"Spanish" Moroccanoil Treatment**

 

 

## (c) Defendants' Materially Different and Counterfeit
## "Dutch" Moroccanoil Treatment




27.    On information and belief, Defendants also imported, advertised, distributed, procured, stored, shipped, and/or sold additional types of Moroccanoil Products that were materially different from genuine U.S. Moroccanoil Products, including other versions of counterfeit Moroccanoil Products.

## FIRST CLAIM FOR RELIEF
## TRADEMARK COUNTERFEITING AND INFRINGEMENT
## (15 U.S.C. § 1114)
## AGAINST DEFENDANTS ACOSTA, MADE IN DADE, TERIGO
## SOURCING, ASIMEX GLOBAL AND ASIMEX INTERNATIONAL

28.    Moroccanoil, Inc. alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 27, as if fully set forth herein.

29.    The use of one or more of the Moroccanoil Trademarks, or imitations thereof, on Defendants' Moroccanoil Products, including Defendants' Moroccanoil Treatment, which Defendants manufactured, advertised, distributed, and/or offered for sale, creates a likelihood of confusion among consumers in the United States who believe that Defendants' Moroccanoil Treatment products and other Defendants' Moroccanoil Products are genuine U.S. Moroccanoil Treatment products and genuine U.S. Moroccanoil Products, when they are not. United States consumers are likely to be confused into believing that the products were made, sold, distributed, authorized or endorsed by Moroccanoil, Inc., when they were not.

30.   Moroccanoil, Inc. has not consented to, sponsored or authorized the wrongful activities of Defendants as alleged herein.

31.   As a direct and proximate result of Defendants' wrongful conduct and infringement of the Moroccanoil Trademarks, Defendants have been unjustly enriched while Moroccanoil, Inc. has suffered damages in an amount according to proof at trial.

32.   Moroccanoil, Inc. demands and is entitled to an accounting from each of the Defendants, including all information necessary to permit Moroccanoil, Inc. to determine the gains, profits and advantages that Defendants have obtained by reason of their wrongful conduct described herein.

33.   Moroccanoil, Inc. has no adequate remedy at law and monetary compensation will not afford Moroccanoil, Inc. adequate relief. Defendants' acts and omissions as alleged herein are likely to engender the need for a multiplicity of judicial proceedings and cause damages to Moroccanoil, Inc. that are difficult, if not impossible, to measure. Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged, including infringement of the Moroccanoil Trademarks, Moroccanoil, Inc. will continue to suffer irreparable harm. Injunctive relief is therefore appropriate pursuant to 15 U.S.C. § 1116 to prevent Defendants from engaging in any further violations of 15 U.S.C. § 1114.

34.   On information and belief, Defendants, in engaging in the conduct described herein, knowingly, intentionally and willfully intended to trade on the

reputation and goodwill of Moroccanoil, Inc., the Moroccanoil Trademarks and the Moroccanoil Products, and to cause injury to Moroccanoil, Inc.  As such, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a) and damages should be trebled and attorneys' fees awarded.

**SECOND CLAIM FOR RELIEF**
**CONTRIBUTORY TRADEMARK INFRINGEMENT**
**(15 U.S.C. § 1114)**
**AGAINST DEFENDANTS ASIMEX GLOBAL**
**AND ASIMEX INTERNATIONAL**

35.   Moroccanoil, Inc. alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 27 and 29 through 34, as if fully set forth herein.

36.   Moroccanoil, Inc. is informed and believes that Asimex, to the extent they did not participate in the actual importation, distribution, advertisement, or sale of the materially different and counterfeit Moroccanoil Products, had or should have had actual knowledge of the counterfeiting and other infringement, and materially assisted in and encouraged the counterfeiting and infringing activity.

37.   Moroccanoil, Inc. is informed and believes that the Asimex either created, assisted in the creation, or had knowledge of inauthentic "Certificate of Origin" documents that were used to demonstrate the counterfeit and infringing Moroccanoil Products' purported authenticity for purposes of importation and sale.

Moroccanoil, Inc. is informed and believes that, even though Asimex had knowledge of the material differences and non-genuine nature of the Moroccanoil Products in Asimex's possession or custody, Asimex continued to provide importation, customs brokering, warehousing, and/or shipping of the counterfeit and infringing Moroccanoil Products.

38.    As a direct and proximate result of Defendants' wrongful conduct and infringement of the Moroccanoil Trademarks, Defendants have been unjustly enriched while Moroccanoil, Inc. has suffered damages in an amount according to proof at trial.

39.    Moroccanoil, Inc. demands and is entitled to an accounting from each of the Defendants, including all information necessary to permit Moroccanoil, Inc. to determine the gains, profits and advantages that Defendants have obtained by reason of their wrongful conduct described herein.

40.    Moroccanoil, Inc. has no adequate remedy at law and monetary compensation will not afford Moroccanoil, Inc. adequate relief.  Defendants' acts and omissions as alleged herein are likely to engender the need for a multiplicity of judicial proceedings and cause damages to Moroccanoil, Inc. that are difficult, if not impossible, to measure.  Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged, including infringement of the Moroccanoil Trademarks, Moroccanoil, Inc. will continue to suffer irreparable harm.

Injunctive relief is therefore appropriate pursuant to 15 U.S.C. § 1116 to prevent Defendants from engaging in any further violations of 15 U.S.C. § 1114.

41.    On information and belief, Defendants, in engaging in the conduct described herein, knowingly, intentionally and willfully intended to trade on the reputation and goodwill of Moroccanoil, Inc., the Moroccanoil Trademarks and the Moroccanoil Products, and to cause injury to Moroccanoil, Inc.  As such, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a) and damages should be trebled and attorneys' fees awarded.

**THIRD CLAIM FOR RELIEF**
**FALSE DESIGNATION OF ORIGIN**
**AND FALSE REPRESENTATION**
**(15 U.S.C. § 1125(a))**
**AGAINST ALL DEFENDANTS**

42.    Moroccanoil, Inc. alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 27, as if fully set forth herein.

43.    The importation, manufacture, advertisement, offer for sale, and/or sale of materially different and counterfeit Moroccanoil Products by Defendants constitutes a false designation of origin, false description and a false representation that the counterfeit products manufactured, distributed, offered, and/or sold by Defendants originate from, or are sponsored or authorized by Moroccanoil, Inc.

44.     The activities of Defendants in importing, manufacturing, advertising, offering for sale and selling counterfeit and otherwise infringing Moroccanoil Products constitute violations of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45.     As a direct and proximate result of Defendants' wrongful conduct, Defendants have been unjustly enriched while Moroccanoil, Inc. has suffered damages in an amount according to proof at trial.

46.     Moroccanoil, Inc. demands and is entitled to an accounting from each of the Defendants, including all information necessary to permit Moroccanoil, Inc. to determine the gains, profits and advantages that Defendants have obtained by reason of their wrongful conduct described herein.

47.     Moroccanoil, Inc. has no adequate remedy at law and monetary compensation will not afford Moroccanoil, Inc. adequate relief.  Defendants' acts and omissions as alleged herein are likely to engender the need for a multiplicity of judicial proceedings and cause damages to Moroccanoil, Inc. that are difficult, if not impossible, to measure.   Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged, including infringement of the Moroccanoil Trademarks, Moroccanoil, Inc. will continue to suffer irreparable harm. Injunctive relief is therefore appropriate pursuant to 15 U.S.C. § 1116 to prevent Defendants from engaging in any further violations of 15 U.S.C. § 1125(a).

48.    On information and belief, Defendants, in engaging in the conduct described herein, knowingly, intentionally and willfully intended to trade on the reputation and goodwill of Moroccanoil, Inc., the Moroccanoil Trademarks and the Moroccanoil Products, and to cause injury to Moroccanoil, Inc.  As such, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a) and damages should be trebled and attorneys' fees awarded.

## FOURTH CLAIM FOR RELIEF
## UNLAWFUL IMPORTATION
### (15 U.S.C. § 1124)
## AGAINST DEFENDANTS ASIMEX GLOBAL
## AND ASIMEX INTERNATIONAL

49.    Moroccanoil, Inc. alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 27, as if fully set forth herein.

50.    The importation by Asimex of Moroccanoil Products that are materially different from genuine U.S. Moroccanoil Products, or are counterfeits of Moroccanoil Products, constitutes an unlawful attempt to copy or simulate products that originate from or are authorized by Moroccanoil, Inc.  Moroccanoil, Inc. did not consent to or otherwise participate in such importation of the subject products.

51.    The activities of Asimex in importing counterfeit and otherwise infringing Moroccanoil Products constitute violations of § 42 of the Lanham Act, 15 U.S.C. § 1124.

52.    As a direct and proximate result of Defendants' wrongful conduct, Defendants have been unjustly enriched while Moroccanoil, Inc. has suffered damages in an amount according to proof at trial.

53.    Moroccanoil, Inc. demands and is entitled to an accounting from each of the Defendants, including all information necessary to permit Moroccanoil, Inc. to determine the gains, profits and advantages that Defendants have obtained by reason of their wrongful conduct described herein.

54.    Moroccanoil, Inc. has no adequate remedy at law and monetary compensation will not afford Moroccanoil, Inc. adequate relief. Defendants' acts and omissions as alleged herein are likely to engender the need for a multiplicity of judicial proceedings and cause damages to Moroccanoil, Inc. that are difficult, if not impossible, to measure.  Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged, including infringement of the Moroccanoil Trademarks, Moroccanoil, Inc. will continue to suffer irreparable harm. Injunctive relief is therefore appropriate pursuant to 15 U.S.C. § 1116 to prevent Defendants from engaging in any further violations of 15 U.S.C. § 1124.

55.    On information and belief, Defendants, in engaging in the conduct described herein, knowingly, intentionally and willfully intended to trade on the reputation and goodwill of Moroccanoil, Inc., the Moroccanoil Trademarks and the Moroccanoil Products, and to cause injury to Moroccanoil, Inc.  As such, this is an

exceptional case within the meaning of 15 U.S.C. § 1117(a) and damages should be trebled and attorneys' fees awarded.

## FIFTH CLAIM FOR RELIEF
## TARIFF ACT VIOLATION
## (19 U.S.C. § 1526)
## AGAINST DEFENDANTS ASIMEX GLOBAL
## AND ASIMEX INTERNATIONAL

56.     Moroccanoil, Inc. alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 27, as if fully set forth herein.

57.     The importation by Asimex of Moroccanoil Products that are materially different from genuine U.S. Moroccanoil Products, or are counterfeits of Moroccanoil Products, constitutes violations of the Tariff Act, 19 U.S.C. § 1526.

58.     As a direct and proximate result of Defendants' wrongful conduct, Defendants have been unjustly enriched while Moroccanoil, Inc. has suffered damages in an amount according to proof at trial.

59.     Moroccanoil, Inc. demands and is entitled to an accounting from each of the Defendants, including all information necessary to permit Moroccanoil, Inc. to determine the gains, profits and advantages that Defendants have obtained by reason of their wrongful conduct described herein.

60.     Moroccanoil, Inc. has no adequate remedy at law and monetary compensation will not afford Moroccanoil, Inc. adequate relief.  Defendants' acts and

omissions as alleged herein are likely to engender the need for a multiplicity of judicial proceedings and cause damages to Moroccanoil, Inc. that are difficult, if not impossible, to measure.   Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged, including infringement of the Moroccanoil Trademarks, Moroccanoil, Inc. will continue to suffer irreparable harm. Injunctive relief is therefore appropriate to prevent Defendants from engaging in any further violations of 19 U.S.C. § 1526.

61.    On information and belief, Defendants, in engaging in the conduct described herein, knowingly, intentionally and willfully intended to trade on the reputation and goodwill of Moroccanoil, Inc., the Moroccanoil Trademarks and the Moroccanoil Products, and to cause injury to Moroccanoil, Inc.  As such, this is an exceptional case and damages should be trebled and attorneys' fees awarded.

## PRAYER

WHEREFORE, Plaintiff prays for an award as follows:

1.    Preliminary and permanent injunctive relief against all Defendants, and each of them, and all persons acting in active concert or participation with them, from:

a.    Importing, selling, offering for sale, distributing or advertising in the United States Moroccanoil Products that are materially different from genuine U.S. Moroccanoil Products;

b.      Importing, selling, offering for sale, distributing or advertising in the United States Moroccanoil Products without taking sufficient steps to assure that the products are not counterfeit or otherwise materially different from genuine U.S. Moroccanoil Products;

c.      Using any false designation of origin or false representation concerning the genuineness any Moroccanoil Product offered by Defendants;

d.      Representing in any fashion or manner that Defendants are authorized distributors of Moroccanoil Products;

2.      For a seizure of all counterfeit Moroccanoil Products in Defendants' possession, custody or control;

3.      For an accounting from each Defendant of all profits, monies and advantages that Defendants have obtained by reason of their wrongful conduct;

4.      For damages and remedies as provided by 15 U.S.C. §§ 1114, 1116, 1117, and 1125 and as provided by 19 U.S.C. § 1526;

5.      For punitive and exemplary damages in an amount sufficient to punish defendants and deter such conduct in the action;

6.      For attorneys' fees;

7.    For prejudgment interest and costs; and

8.    For such other and further relief as the Court deems just and proper.

Dated:  April 13 2017

KOZYAK TROPIN & THROCKMORTON LLP
Counsel for Plaintiff
2525 Ponce de Leon
9th Floor
Miami, FL  33134
Telephone: (305) 372-1800
Fax: (305) 372-3508

By: _____
Kenneth R. Hartmann
Florida Bar No. 664286
krh@kttlaw.com
Monica McNulty
Florida Bar No. 10538
mmcnulty@kttlaw.com

///

///

///

Dated:  April 13 2017

CONKLE, KREMER & ENGEL
Professional Law Corporation
3130 Wilshire Boulevard, Suite 500
Santa Monica, California  90403-2351
Phone: (310) 998-9100
Fax: (310) 998-9109

Attorneys for Plaintiff Moroccanoil, Inc.
** *Pro Hac Vice Applications to be filed*

By: _____

Eric S. Engel
   California Bar No. 105656
   *e.engel@conklelaw.com*
Evan Pitchford
   California Bar No. 256536
   *e.pitchford@conklelaw.com*
Attorneys for Plaintiff Moroccanoil, Inc.